## Commonwealth v. Frisco

*J. Stroud Weber*, assistant district attorney, for Commonwealth.

*Morris Gerber*, of *Wisler, Pearlstine, Talone & Gerber*, for defendant.

KNIGHT, P. J., December 28, 1948.—The uncontradicted evidence discloses that on October 1, 1947, at 10:45 p. m., two officers of the Pennsylvania State Police were sitting in a police car on Route 422, near a point where that route enters the Borough of Pottstown. They noticed a station wagon driven by defendant, approaching at a speed which one of the officers estimated at over 50 miles per hour.

At an intersection within the borough, defendant's machine, due to the excessive speed at which it was driven, nearly collided with another vehicle entering the intersection. Defendant continued on over Route 422, which is High Street, the principal business and residence street in Pottstown, a borough with a population in excess of 30,000. The officers followed, and clocked the speed of defendant's machine, for a fourth

of a mile, at 55 miles per hour. In that distance defendant passed several street intersections, three pedestrian crosswalks, a hospital, and a traffic light; the last, however, was in his favor.

The officers made information before a justice of the peace, charging defendant with a violation of subsection (*a*) of section 1002 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §501, in that he "did operate his motor vehicle at a speed of 55 m.p.h. when he was only allowed 35 m.p.h., which was too fast for conditions." Defendant waived a hearing before the justice and appealed to this court.

A motion was made to quash the information, which was overruled. A hearing was then held, at which the facts set forth were developed. At the close of the Commonwealth's case, defendant demurred. The demurrer was overruled, whereupon defendant offered no evidence, and the hearing judge made a finding of guilty. This motion followed, which was argued before the court en banc.

The burden of the argument of counsel for defense is that the evidence discloses that defendant violated three specific provisions of The Vehicle Code relating to speed, under any one of which he could have been convicted if the information charged a violation of that specific provision; but, since there were specific provisions applying to defendant's conduct, he could not be charged under subsection (*a*) of section 1002 of The Vehicle Code.

Subsection (*a*) of section 1002 reads as follows:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway, and of any other restrictions or conditions then and there existing; and no person shall drive any vehicle upon a highway at such a speed as to

endanger the life, limb, or property of any person, nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead."

Subsection (b) of section 1002 contains specific provisions limiting the speed at which motor vehicles may be operated under various conditions, from 10 m.p.h. to 70 m.p.h.

Counsel for defendant contends that defendant should have been prosecuted under one of the specific provisions, namely, exceeding the 50-mile limit, or exceeding the 35-mile limit, or the 20-mile limit, crossing intersections in business or residence districts, and that subsection (a) is merely a preamble to subsection (b).

We cannot agree that subsection (a) is a mere preamble to subsection (b). The latter subsection provides: "Subject to the provisions of subsection (a) of this section, speeds in excess of the maximum limits hereinafter provided shall be unlawful." Then follows the maximum speed limits under certain conditions.

As we interpret this, it means that a motorist may be observing the maximum speed limits, and yet may be guilty of violating subsection (a), if he operates his vehicle at a speed greater than was reasonable and proper, having due regard to the restrictions and conditions then and there existing. In this case, however, defendant was violating the maximum speed limits established in subsection (b), and the question is— should he have been prosecuted for the violation of these specific provisions rather than under subsection (a)?

This question has engaged the attention of several of the lower courts.

In Commonwealth v. Catania, 13 D. & C. 264 (1929), defendant was charged with a violation of section 1001 of The Vehicle Code (reckless driving).

The evidence disclosed that defendant had failed to heed a bell signal at a railroad crossing, and come to a full stop, and that he had refused to stop when signaled so to do by a police officer, both of which were violations of specific provisions of The Vehicle Code. Judge Broomall, in finding defendant not guilty, said:

"This is a material variance between the offense charged and the proof, and we cannot possibly construe the ignoring of railroad signals or signals of a police officer into reckless driving, as they are made specific offenses under the act."

In Commonwealth v. Tatalovich, 16 D. & C. 628, (1931), the question involved was the provisions of The Vehicle Code in reference to the revocation of operating privileges for reckless driving. The Dauphin County court, in an opinion by Judge Wickersham, held when a specific act or section deals with a specific crime or deed all proceedings pertaining to that crime or deed should be taken under that section or act and not under any general section or act.

In the case of Commonwealth v. McCarthy, 18 Wash. Co. 182 (1937), the information charged reckless driving under section 1001 of the code. The evidence disclosed that defendant had failed to give a signal before making a sudden left-hand turn. In setting aside the judgment of conviction entered by the justice of the peace, the court en banc, through Judge Hughes, said:

"As there was an offense committed by the defendant, specifically covered by a section of the Motor Code, if we believe the testimony of the commonwealth, other than the section dealing with reckless driving, it was improper to charge the defendant with reckless driving and to find him guilty of that offense."

In Commonwealth v. Frisch, 41 D. & C. 266 (1941), defendant was charged with a violation of section 1001 (reckless driving). Judge Dannehower of this court

held that the evidence did not warrant a conviction of reckless driving, and on appeal held defendant not guilty. There was evidence that defendant had driven on the wrong side of the road. Of this Judge Dannehower said:

"In the instant case defendant may have been over the white line, or may have attempted to pass another vehicle at an intersection of highways, and thus have violated some other section of the code. If such was the fact, it would seem that the prosecution should have been brought under some other section: Commonwealth v. Hughes, supra. See also Commonwealth v. Catania, 13 D. & C. 264 (1929), Commonwealth v. Roberts, 11 Wash. Co. 126 (1930), and Commonwealth v. Mugnani, 15 Wash. Co. 138 (1934)."

In Commonwealth v. Hughes, 22 D. & C. 377 (1935), there was an appeal from a conviction of defendant for violating section 1001 of The Vehicle Code (reckless driving). Judge Corson held the evidence not sufficient to warrant the conviction, and found defendant not guilty. In the course of the opinion, it is said:

"If the defendant attempted to pass at a curve or attempted to pass the car ahead of him, in violation of one of the subsections of Section 1008 of The Vehicle Code, supra, relating to limitations on the privilege of overtaking and passing, it would seem that the prosecution should have been brought under that section."

All of the foregoing cases involved separate and distinct sections of The Vehicle Code, but in Commonwealth v. Miller, 57 Dauph. 325 (1946), we have a case involving the subsections of section 1002. Defendant in that case was charged in the information with a violation of subsection (a) of section 1002, in vague and general terms. There was a motion to dismiss the information, which was sustained. In the opinion the late Judge Hargest said:

"The subdivisions of Section 1002 make specific provision for such speeds. Under the authorities cited, this offense should have been laid under the pertinent subsection and not under the general provisions of subsection (a), which would have imposed upon the justice of the peace the necessity of determining what was the proper speed, 'having due regard to the traffic surface, and width of the highway, and of any other restrictions or conditions then and there existing'."

Our own case of Commonwealth v. Reber, 46 D. & C. 411 (1942), seems to run contra to the current of the above authorities, but a careful reading of that decision shows that the question now before us was not considered by the court. There defendant was charged with a violation of subsection (a) of section 1002. He was convicted before a justice of the peace, appealed to this court, and after a full hearing was found guilty. He then moved in arrest of judgment, assigning as his reasons that since section 1002(a) contained some similar words to those used in section 1001, the two sections should receive identical construction. We did not agree with this contention. Counsel for the defense contended at the hearing that all evidence of speed should be ignored because the speed was not *timed* as required by subsections (d) and (e) of section 1002. We held the provisions of subsections (d) and (e) did not apply to subsection (a). In the above case, as we remember it, and as the report of the case discloses, the contention that the prosecution should have been brought under subsection (b) and not under subsection (a) was not made or considered.

After an examination of the above cases as well as of others, we have reached the conclusion that if an operator of an automobile violates the provisions of subsection (a) of section 1002, but does not violate any of the maximum speed limits of section 1002(b),

he may be charged with a violation of section 1002 (a) ; but, if he violates the provisions of subsection (b) as to maximum speed limits, the prosecution should be brought under subsection (b). Of course, if the elements of reckless driving are present, he should be prosecuted under section 1001, regardless of speed.

The information in this case charges that defendant was driving too fast for conditions, and the evidence shows that he was violating the maximum speed limits provided for such conditions. We are therefore of the opinion that the prosecution should have been brought under the specific provisions of subsection (b) and not under subsection (a).

And now, December 28, 1948, the motion in arrest of judgment is allowed, the finding of guilty is set aside, and defendant found not guilty.